2016 IL App (2d) 140509
No. 2-14-0509
Opinion filed March 30, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 09-CF-365 |
| | ) | |
| CALVIN MEEKS, | ) ) | Honorable M. Karen Simpson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices McLaren and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Calvin Meeks, appeals from the summary dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)) for relief from convictions of a single count each of home invasion (720 ILCS 5/12-11(a)(2) (West 2008)) and unlawful restraint (720 ILCS 5/10-3(a) (West 2008)). In his petition, defendant claimed, *inter alia*, that, because the attorney representing him in his direct appeal failed to file an appellate brief, he did not receive the effective assistance of counsel in his direct appeal. We conclude that the summary dismissal of the petition was error and we therefore reverse and remand for further proceedings under the Act.

¶ 2    Defendant's convictions were entered following a jury trial in the circuit court of Kane County.  Thereafter, defendant filed a motion for judgment notwithstanding the verdict or for a new trial, but the trial court denied the motion and sentenced him to concurrent prison terms of 18 years for home invasion and 3 years for unlawful restraint.  At trial, defendant was represented by the Kane County public defender's office.  However, defendant retained a private attorney, Liam Dixon, to represent him at the hearing on his posttrial motion, at sentencing, and on direct appeal.  Dixon filed a timely notice of appeal.  As noted, however, he never filed an appellant's brief for defendant.  As a result, we dismissed the appeal, with prejudice, on our own motion.  *People v. Meeks*, No. 2-11-0687 (Dec. 21, 2011) (minute order).  Defendant then retained different attorneys, who filed the postconviction petition giving rise to this appeal.

¶ 3    Under the Act, a person imprisoned for a crime may mount a collateral attack on his conviction and sentence based on violations of his constitutional rights.  *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). Within 90 days after a petition for relief under the Act is filed and docketed, the trial court must examine the petition and either summarily dismiss it or docket it for further proceedings.  725 ILCS 5/122-2.1 (West 2010).  If the trial court finds that the petition is "frivolous or is patently without merit," the petition will be summarily dismissed.  725 ILCS 5/122-2.1(a)(2) (West 2010).  Summary dismissal is proper if the petition "is based on an indisputably meritless legal theory or a fanciful factual allegation."  *People v. Hodges*, 234 Ill. 2d 1, 16 (2009).  If the petition is not summarily dismissed, it advances to the next stage of the proceedings, "at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition."  *People v. Thomas*, 2013 IL App (2d) 120646, ¶ 5.  If the State does not move to dismiss the petition, or if its motion is denied, the State must answer the petition, which then proceeds to an evidentiary hearing.

*People v. Shipp*, 2015 IL App (2d) 131309, ¶ 6. The summary dismissal of a petition under the Act is subject to *de novo* review on appeal. *Hodges*, 234 Ill. 2d at 9.

¶ 4    It is firmly established that a criminal defendant has a constitutional right to the effective assistance of counsel in an appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 393-97 (1985). "[A] claim of ineffective assistance of counsel on appeal is cognizable under the *** Act [citation]." *People v. Mack*, 167 Ill. 2d 525, 531 (1995). Ordinarily, claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Where a claim of ineffective assistance of counsel is predicated on appellate counsel's failure to raise a particular issue, "the defendant must show that 'the failure to raise that issue was objectively unreasonable, as well as a reasonable probability that, but for this failure, his sentence or conviction would have been reversed.' " *Mack*, 167 Ill. 2d at 532 (quoting *People v. Caballero*, 126 Ill. 2d 248, 270 (1989)). But the analysis that applies when counsel's allegedly deficient performance consists of the failure to raise a particular issue on appeal does not apply when counsel's failure to prosecute the appeal leads to its dismissal. See *People v. Moore*, 133 Ill. 2d 331, 339 (1990). As stated in *Moore*, "[A] criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event." *Id.*

¶ 5    As an exhibit to his petition, defendant attached a letter to him from Dixon, dated October 24, 2013. Dixon wrote that he had refunded the retainer for his services to defendant's

mother. Dixon recounted that he had previously sent defendant a draft of an appellate brief prepared by Dixon's law clerk. The brief evidently addressed the question of whether defendant's right to a speedy trial had been violated. However, according to Dixon's letter, "the speedy trial numbers did not work in [defendant's] favor." Dixon further advised defendant that he had been working on a postconviction petition and "trying to find the alleged victim." Dixon indicated that "[t]he Petition was not filed because we needed a statement from the victim, and have not been able to locate her."

¶ 6    In the State's view, this letter refutes defendant's claim that Dixon's performance was unreasonable. According to the State, Dixon concluded that there was no meritorious basis for arguing on appeal that defendant was not afforded a speedy trial. Quoting *People v. Barnard*, 104 Ill. 2d 218, 231 (1984), the State contends that "it is not incompetence for [appellate] counsel to refrain from raising issues which, in his judgment, are without merit, unless his appraisal of the merits is patently wrong." That is certainly true in cases like *Barnard*, in which appellate counsel files a brief raising *some* issue or issues—counsel's judgment as to what issues to raise is entitled to deference. But where counsel unilaterally decides not to raise *any* issue on the defendant's behalf, effectively terminating the appeal, counsel has functionally ceased to represent the defendant and a legal presumption of prejudice attaches. *Penson v. Ohio*, 488 U.S. 75, 88 (1988). Such cases are "unlike [cases] in which counsel fails to press a particular argument on appeal, [citation], or fails to argue an issue as effectively as he or she might." *Id.*

¶ 7    The presumption of prejudice forecloses the State's argument that Dixon's performance was reasonable. Under *Strickland*, prejudice is defined with reference to "counsel's unprofessional errors." *Strickland*, 466 U.S. at 694. If counsel has made no error, there can be

no prejudice. Thus, where prejudice is presumed, error by counsel must likewise be presumed. To hold otherwise would vitiate the holdings of *Penson* and *Moore*.

¶ 8    It is true that appellate counsel is ethically bound to refrain from raising issues of no arguable merit. *McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 436 (1988). However, even where counsel concludes that there is no arguably meritorious basis for an appeal, counsel may not simply sit idly by and permit the appeal to be dismissed for want of prosecution. Rule 1.3 of the Illinois Rules of Professional Conduct of 2010 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Ill. R. Prof. Conduct (2010) R. 1.3 (eff. Jan. 1, 2010). "Unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client." Ill. R. Prof. Conduct (2010) R. 1.3, cmt 4. Rule 1.16(a)(1) provides, in pertinent part, that an attorney shall withdraw from the representation of a client where "the representation will result in violation of the Rules of Professional Conduct or other law." Ill. R. Prof. Conduct (2010) R. 1.16(a)(1) (eff. Jan. 1, 2010).

¶ 9    To be sure, raising issues of no arguable merit on appeal would violate Rule 3.1 of the Rules of Professional Conduct of 2010. Ill. R. Prof. Conduct (2010) R. 3.1 (eff. Jan. 1, 2010) ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law."). However, if Dixon concluded that he could not file an appellate brief on defendant's behalf without violating Rule 3.1, he was ethically obligated to withdraw from representing defendant on appeal. Illinois Supreme Court Rule 13(c)(2) (eff. July 1, 2013) provides, in pertinent part, that "[a]n attorney may not withdraw his appearance for a party without leave of court and notice to all parties of

record." Dixon did not seek leave of this court to withdraw as appellate counsel; he remained counsel of record for defendant, but apparently ceased to work on the appeal, choosing instead to prepare a postconviction petition (which he did not file). Dixon's apparent abdication of his responsibility to pursue the appeal or to properly withdraw from representing defendant before this court was objectively unreasonable.

¶ 10    As defendant notes, had Dixon been court-appointed rather than privately retained, leave to withdraw would have been governed by the procedure set forth in *Anders v. California*, 386 U.S. 738, 744 (1967), which provides, in pertinent part, as follows:

"[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires."

Although we are unaware of any reported Illinois decision concerning the applicability of *Anders* to retained counsel, we note that courts in a sister state—Texas—have held that *Anders* applies only to appointed counsel. See, *e.g.*, *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App. 2009). Texas courts have held, however, that, when retained counsel encounters a frivolous appeal, he or she must inform the court and seek leave to withdraw pursuant to the applicable court rule. *Id.*

¶ 11    We need not decide whether *Anders* applies to retained counsel.  If it applies, Dixon was required to file an *Anders* motion.  If it does not, he was obliged either to obtain leave to withdraw as counsel on appeal or to fulfill his duties as counsel by raising some issue on defendant's behalf in a properly filed appellate brief.  Dixon took none of these actions.

¶ 12    In view of the foregoing, we conclude that defendant's claim is not based on either an "indisputably meritless legal theory or a fanciful factual allegation" (*Hodges*, 234 Ill. 2d at 16), so it was error to summarily dismiss defendant's postconviction petition.  Accordingly, the case must be remanded to the trial court for further proceedings.  Defendant requests that on remand he be permitted to file a late notice of appeal.  Although that is an appropriate form of postconviction relief where appellate counsel's failure to prosecute a direct appeal leads to its dismissal (*People v. Brandon*, 294 Ill. App. 3d 911, 915 (1998)), such relief is premature at this stage of the proceedings.  We hold only that defendant's petition should not have been summarily dismissed.  Thus, the petition should advance to the next stage, at which the petition may be amended and the State may move to dismiss the petition or file an answer.  We will not attempt to anticipate what factual or legal defenses to the petition the State might be able to raise.

¶ 13    The judgment of the circuit court of Kane County is reversed and the cause is remanded for further proceedings under the Act.

¶ 14    Reversed and remanded.