2020 IL App (2d) 180263
No. 2-18-0263
Opinion filed July 16, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-365 |
| CALVIN R. MEEKS, | ) ) | Honorable Kathryn D. Karayannis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1　　Defendant, Calvin R. Meeks, appeals from his convictions of home invasion (720 ILCS 5/12-11(a)(2) (West 2008)) and unlawful restraint (*id.* § 10-3(a)). He argues that the convictions must be reversed because the State did not bring his case to trial within the time allowed under section 103-5 of Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5 (West 2008)). We affirm.

¶ 2　　　　　　　　　　　　　　　I. BACKGROUND

¶ 3　　On February 2, 2009, defendant was charged in case No. 09-CF-365 with home invasion, residential burglary, unlawful restraint, and kidnapping (the 2009 charges). Defendant was arrested in Georgia and was taken into custody in Illinois on February 26, 2009. At that time, defendant

was also facing a charge of criminal damage to property in case No. 08-CF-2182 (the 2008 charge). On March 17, 2009, the trial court appointed counsel to represent defendant.

¶ 4    On April 23, 2009, the State elected to try the 2008 charge before the 2009 charges. However, the State could not secure the attendance of the complaining witness. On the date set for trial, September 21, 2009, the State nol-prossed the 2008 charge.

¶ 5    The court set a trial date of December 7, 2009, for the 2009 charges. On December 3, 2009, defendant filed a motion to dismiss the 2009 charges on the basis that the State failed to bring him to trial within the 120-day speedy-trial period for defendants in pretrial custody. See *id.* § 103-5(a). At that point, defendant had been in continuous custody in Illinois since February 26, 2009. The trial court denied the motion, reasoning that, under section 103-5(e) of the Code (*id.* § 103-5(e)), the State had 160 days from the date when the 2008 charge was nol-prossed to bring defendant to trial for the 2009 charges.

¶ 6    On December 7, 2009, the trial court granted the State a continuance over defendant's objection. On December 10, 2009, the trial court reduced defendant's bond, and he filed a written demand for a speedy trial. The next day, December 11, defendant was released on bond. The matter was set for trial on March 1, 2010. Defendant moved to dismiss the charges on the basis that the 160-day speedy trial period that started when the 2008 charge was nol-prossed had expired. The parties agreed that March 1, 2009, marked 161 days since the 2008 charge was nol-prossed, and the trial court granted the motion. However, the State successfully moved to reconsider, arguing that the last day of the speedy-trial term was a Sunday and that the State was therefore entitled to bring the matter to trial the next day that court was in session.

¶ 7    The matter proceeded to a jury trial, and defendant was found guilty of home invasion, residential burglary, and unlawful restraint. The trial court merged the home invasion and

residential burglary convictions and sentenced defendant to concurrent prison terms of 18 years for home invasion and 3 years for unlawful restraint.

¶ 8    Defendant filed a notice of appeal. However, his attorney did not file a brief, and we dismissed the appeal. *People v. Meeks*, No. 2-11-0687 (2011) (unpublished minute order). Defendant subsequently filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)), alleging that his attorney's failure to file a brief violated his right to the effective assistance of counsel. The trial court summarily dismissed the petition. Defendant appealed. We reversed the summary dismissal and remanded for further proceedings. *People v. Meeks*, 2016 IL App (2d) 140509. On remand, the trial court granted defendant leave to file a late notice of appeal from his conviction. This appeal followed.

¶ 9                                                    II. ANALYSIS

¶ 10    Defendant argues that the trial court erred when it determined that, upon nol-prossing the 2008 charge, the State had 160 days to bring defendant to trial on the 2009 charges. Section 103-5 of the Code (725 ILCS 5/103-5 (West 2008)) sets forth the time frame during which the State must bring a criminal defendant to trial. That provision states, in pertinent part, as follows:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record. ***
>
> The 120-day term must be one continuous period of incarceration. In computing the 120-day term, separate periods of incarceration may not be combined. If a defendant is

taken into custody a second (or subsequent) time for the same offense, the term will begin again at day zero.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***. ***

For purposes of computing the 160 day period under this subsection (b), every person who was in custody for an alleged offense and demanded trial and is subsequently released on bail or recognizance and demands trial, shall be given credit for time spent in custody following the making of the demand while in custody. Any demand for trial made under this subsection (b) shall be in writing; and in the case of a defendant not in custody, the demand for trial shall include the date of any prior demand made under this provision while the defendant was in custody.

* * *

(e) If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subsections (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered pursuant to the Unified Code of Corrections or, if such trial upon such first charge is terminated without judgment and there is no subsequent trial of, or adjudication of guilt after waiver of trial of, such first charge within a reasonable time, the person shall be tried upon all of the

remaining charges thus pending within 160 days from the date on which such trial is terminated; if either such period of 160 days expires without the commencement of trial of, or adjudication of guilt after waiver of trial of, any of such remaining charges thus pending, such charge or charges shall be dismissed and barred for want of prosecution unless delay is occasioned by the defendant \*\*\*." *Id.* § 105-5(a), (b), (e).

¶ 11 The trial court ruled that subsection (e) afforded the State 160 days within which to try defendant on the 2009 charges after the State nol-prossed the 2008 charge. Defendant argues that subsection (e) does not apply because he was neither tried on the 2008 charge, nor adjudged guilty of that charge following a waiver of trial. We disagree.

¶ 12 *People v. Kliner*, 185 Ill. 2d 81 (1998), and *People v. Thompson*, 2012 IL App (2d) 110396, are controlling. In *Kliner* defendant was arrested on June 10, 1993, and was charged with first-degree murder and conspiracy to commit murder (the murder charges). *Kliner*, 185 Ill. 2d at 98, 101. He also faced charges of armed violence, aggravated battery, and aggravated unlawful restraint in connection with an unrelated incident (the armed violence charges). *Id.* at 121-22. The State initially elected to proceed first with the murder charges. *Id.* at 122. However, on June 5, 1995 (which was within the 120-day period for commencing trial on the murder charges), the State changed its election, deciding to proceed with the armed violence charges first. *Id.* The defendant's trial on the armed violence charges commenced on October 18, 1995. On January 25, 1996, the trial on the murder charges commenced. *Id.* at 122-23. At that time, the trial on the armed violence charges was still in progress. The defendant argued that the 120-day period began when he was arrested. *Id.* at 123. The *Kliner* court rejected the argument, reasoning as follows:

"Because the State here announced on June 5, 1995, its decision to proceed to trial first on the armed violence charges, the State was required to bring defendant to trial on those

charges within 120 days given that defendant was in custody on those charges. The speedy-trial period with respect to the murder case was therefore tolled from June 5, 1995, until judgment was rendered on the armed violence charges. Once judgment was rendered, however, the State was required to bring defendant to trial for murder within 160 days. The State brought defendant to trial in the murder case before judgment was rendered in the armed violence case. Consequently, defendant was tried within the 160 days provided for in section 103-5(e)." *Id.* at 123-24.

¶ 13　　In *Thompson*, the defendant was charged with three misdemeanors: battery, domestic battery, and resisting a peace officer. *Thompson*, 2012 IL App (2d) 110396, ¶ 3. He was released on bond but was later arrested for an unrelated felony and remained in custody thereafter. The State initially elected to try the felony first but later changed its election, opting to try the misdemeanor charges first. *Id.* ¶¶ 3-4. The trial court ruled that the speedy-trial period for the misdemeanors started to run on the date that the State elected to try those charges first. The defendant was tried less than two months later and was found guilty of resisting a police officer. *Id.* ¶ 7. The defendant argued on appeal that his trial attorney was ineffective because he failed to move to dismiss the charges under the speedy-trial statute. *Id.* ¶ 9. The defendant argued that, when the State changed it election, "the speedy-trial clock 'related back' to the date he was taken into custody." *Id.* ¶ 13. Relying on *Kliner*, we rejected the argument. We noted that the speedy-trial claim in *Kliner* pertained to the second trial, *i.e.*, the trial on the charges the State had initially elected to try first. *Id.* ¶¶ 14-16. In contrast, in *Thompson*, the speedy-trial claim related to the first trial, *i.e.*, the trial on the charges that the State had originally elected to try second. We found the distinction to be insignificant, reasoning as follows:

"To conclude otherwise would be to hold that the speedy-trial clock is *not* tolled in either matter when the State makes its initial election, but pursuant to *Kliner* the speedy-trial clock *is* tolled in one case when the State changes its original election, absent subterfuge. The more logical application of *Kliner* is to hold that the speedy-trial clock *is* tolled in the unelected matter when the State initially elects to bring a defendant to trial first on unrelated charges, and the speedy-trial clock is also tolled if the State changes its original election, absent subterfuge." (Emphases altered.) *Id.* ¶ 16.

¶ 14 Here, the State's decision on September 21, 2009, to nol-pros the 2008 charge was the functional equivalent of a change in election to proceed with the 2009 charges first. Thus, pursuant to *Thompson*, the speedy-trial clock for the 2009 charges did not relate back to the time of defendant's arrest.

¶ 15 We note that *People v. Raymer*, 2015 IL App (5th) 130255, relied on by defendant, is distinguishable. The *Raymer* court held that the voluntary dismissal, with prejudice, of one of the charges against the defendant did not extend the period for bringing the other charges to trial. The court reasoned that the defendant had been neither tried nor adjudged guilty after waiving trial on the charge that the State elected to try first. *Id.* ¶ 14. Unlike in this case, however, in *Raymer*, the 120-day speedy trial term had already expired before the State dismissed the charge it had elected to try first. See *id.* ¶ 15.

¶ 16 Pursuant to *Kliner*, when the State nol-prossed the 2008 charge, it was obligated to bring the case to trial within 120 days. However, defendant was released from custody on December 11, 2009, at which point, section 103-5(e)'s 120-day speedy-trial period no longer applied. Defendant demanded a trial within 160 days pursuant to section 103-5(b), and on the day of trial he moved to dismiss on the basis that the 160-day period had lapsed. The trial court found that the trial on the

2009 charges took place on day 160. Defendant argues that the finding was erroneous because the trial court failed to count time that defendant spent in custody before the State made its initial election to try the 2008 charge first. Defendant did not raise this argument in the trial court. Indeed, at the hearing on the motion, defendant argued that the day of trial was day 161 of the speedy-trial period. Defendant does not dispute that the trial court correctly rejected that argument on the basis that, day 160 being a Sunday, the State was entitled to bring the case to trial on the next day that the court was in session. Arguments raised for the first time on appeal are forfeited. *People v. Johnson*, 363 Ill. App. 3d 1060, 1075 (2005).

¶ 17                                     III. CONCLUSION

¶ 18     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 19     Affirmed.

---

**No. 2-18-0263**

---

| | |
|---|---|
| **Cite as:** | *People v. Meeks*, 2020 IL App (2d) 180263 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 09-CF-365; the Hon. Kathryn D. Karayannis, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Kerry Goettsch, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Katrina M. Kuhn, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---