NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200019-U

NO. 4-20-0019

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 18, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| JERRI THOMAS, | ) | No. 13CF122 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed
the trial court's judgment dismissing defendant's postconviction petition, agreeing
with appellate counsel that defendant has no meritorious issues that could be raised
on appeal.

¶ 2     This matter is before us on the motion to withdraw as appellate counsel filed by the
Office of the State Appellate Defender (OSAD) because defendant can raise no meritorious issue.
We permitted defendant to file a response to OSAD's motion until April 23, 2021, but defendant
did not file a response. We agree with OSAD's analysis, grant OSAD's motion to withdraw, and
affirm the trial court's judgment dismissing defendant's postconviction petition.

¶ 3                                I. BACKGROUND

¶ 4     Defendant was charged with being an armed habitual criminal (720 ILCS
5/24-1.7(a)(1) (West 2012)), possession of cocaine with intent to deliver (720 ILCS

570/401(a)(2)(a) (West 2012)), possession of cocaine (720 ILCS 570/402(a)(2)(A) (West 2012)), and unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2012)). After filing a motion to quash arrest and suppress evidence, and the trial court's denial of that motion, defendant filed a motion to suppress his statements which the trial court also denied. The parties subsequently entered into a partially negotiated plea agreement whereby the State would dismiss all but the armed habitual criminal Class X count and cap its sentencing recommendation at 12 years' incarceration.

¶ 5        At the plea hearing, defendant acknowledged the above was his understanding of the agreement. The trial court then read the charge to defendant, and told him it was a Class X felony for which the court could sentence defendant to between 6 and 30 years in the Department of Corrections. Immediately thereafter, the court advised defendant there was a "three-year period of mandatory supervised release, which used to be called parole, that would follow that." The court specifically asked defendant if he understood the possible penalties, to which defendant replied, "Yes, sir."

¶ 6        The trial court admonished defendant about the rights he was giving up, and the State provided the factual basis describing the search of the vehicle defendant was occupying and defendant's admission he owned the firearm found in the car. The court as well advised defendant that the court was not bound by the State's sentencing recommendation, and the court had the full range of incarceration pursuant to the statute available.

¶ 7        At the sentencing hearing, the State reduced its recommendation to 10 years' incarceration with three years of mandatory supervised release, and the trial court reminded defendant again that the State's recommendation was not binding on the court. The court sentenced defendant to those 10 years followed by three years of mandatory supervised release. Defendant

filed a motion to withdraw his guilty plea, claiming among other things that he had a "misapprehension" of the offer, believing that 12 years was the absolute maximum sentence. The court denied the motion, noting the transcript of the plea hearing demonstrated the court specifically advised defendant the court could sentence defendant to any amount within the sentencing range provided for by statute.

¶ 8        Defendant took a direct appeal, which he later voluntarily dismissed. Defendant then filed a *pro se* postconviction petition. The sole issue defendant raised in his petition is that he was not admonished that he would receive a three-year term of mandatory supervised release, citing *People v. Whitfield*, 217 Ill. 2d 177, 202-03 (2005). Defendant supported the petition with his affidavit. The trial court appointed counsel to represent defendant, who filed a motion to withdraw as counsel and a motion for finding of no merit in the petition. The motion to withdraw noted (1) that defendant sought specific performance of nine years of incarceration and three years of mandatory supervised release, and (2) the transcript of the proceedings revealed the trial court admonished defendant about the three years of mandatory supervised release which would follow any incarceration. The motion noted the latter distinguished defendant's situation from that in *Whitfield*, and that the petition proffered no issue of colorable merit. Defendant's attorney also filed a certificate pursuant to Illinois Supreme Court Rule 651 (c) (eff. July 1, 2017). When the court asked defendant about his attorney's representations and request to withdraw, defendant said he agreed and had nothing to add. The court granted to the motion to withdraw.

¶ 9        The State filed a motion to dismiss, proffering the trial court had admonished defendant and defendant received a sentence consistent with the plea agreement. The court granted the State's motion to dismiss, noting the court had admonished defendant about the three-year term of mandatory supervised release that would follow any sentence of incarceration.

¶ 10        This appeal followed.

¶ 11        OSAD filed a motion for leave to withdraw as counsel on appeal pursuant to Illinois law based on Rules 1.16 and 3.1 of the Illinois Rules of Professional Conduct of 2010. Ill. R. Prof'l Conduct (2010) Rs. 1.16(a)(1), 3.1 (eff. Jan. 1, 2010). In addition, OSAD cites *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 9. We provided defendant notice of the motion and granted defendant until April 23, 2021, to respond, but defendant has not responded.

¶ 12                                II. ANALYSIS

¶ 13                            A. Standard of Review

¶ 14        Our review of this second stage dismissal of the postconviction petition is *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). A defendant may collaterally attack a criminal conviction for substantial deprivations of federal or state constitutional rights pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). There can be three stages in such a proceeding. If the postconviction petition is not summarily dismissed at the first stage by the trial court as "frivolous or patently without merit," it advances to the second stage. At the second stage, the court may appoint counsel for the defendant to assist with review of the record and amendment of the petition, which amended petition the State can either move to dismiss or answer. *Pendleton*, 223 Ill. 2d at 472.

¶ 15                    B. There Is No Meritorious Issue for Appeal

¶ 16        In its motion to withdraw, OSAD concludes defendant cannot make a substantial showing of any constitutional violation. Defendant claimed the trial court committed error because the court sentenced defendant to 10 years of incarceration followed by three years of mandatory supervised release, when defendant's plea agreement with the State capped defendant's sentence at 12 years.

¶ 17       However, defendant's prison term was not only within the bounds of the plea agreement, but it also fell within the statutory range provided for the underlying offense. The trial court, prior to accepting defendant's plea, admonished defendant (1) that the court was not bound by the agreement of the parties, (2) that the statutory sentencing range of incarceration was six to 30 years, and (3) that any prison term would be followed by a three-year period of mandatory supervised release. Later, at the sentencing hearing, when the State advised it was reducing its recommended cap to 10 years, the court again advised defendant the court was not bound by the recommendations of the parties.

¶ 18       The trial court sentenced defendant to 10 years in the Department of Corrections, followed by a three-year term of mandatory supervised release. Thus, the court's sentence was consistent with the plea agreement and statutory scheme.

¶ 19       Defendant's claim relies on *Whitfield*, but contrary to that defendant, defendant herein was advised of the three-year mandatory supervised release term and that such term would follow any period of incarceration. *Whitfield* therefore is inapplicable.

¶ 20       We agree with OSAD's conclusion the defendant cannot raise a meritorious issue on appeal.

¶ 21                          III. CONCLUSION

¶ 22       For the foregoing reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the circuit court's judgment.

¶ 23       Affirmed.