NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250025-U

NO. 4-25-0025

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 17, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* G.G., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Logan County |
| Petitioner-Appellee, | ) | No. 22JA20 |
| v. | ) | |
| David G., | ) | Honorable |
| Respondent-Appellant). | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment, finding no issue of arguable merit could be raised on appeal.

¶ 2   In January 2024, the State filed an amended petition to terminate the parental rights of respondent father, David G., to his minor child, G.G. (born in August 2020). Following hearings on the State's petition, the trial court found David to be an unfit parent under section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2022)) and determined it was in the minor's best interests to terminate David's parental rights.

¶ 3   In February 2025, appellate counsel moved to withdraw as counsel in this case and filed an accompanying memorandum, arguing no meritorious issues could be raised on appeal. For the following reasons, we grant the motion to withdraw and affirm the trial court's

judgment.

¶ 4                                  I. BACKGROUND

¶ 5            In January 2024, the State filed an amended petition to terminate David's parental rights, alleging David was depraved under section 1(D)(i) of the Adoption Act (750 ILCS 50/1(D)(i) (West 2022)). The petition further alleged David failed to make reasonable (1) efforts to correct the conditions which were the basis for removing the minor from his custody and (2) progress toward the return of the child, both within specified nine-month time periods after the adjudication of neglect under the Adoption Act (see 750 ILCS 50/1(D)(m)(i)-(ii) (West 2022)). Finally, the petition alleged David was an "unfit person" within the meaning of section 1(D)(s) of the Adoption Act (750 ILCS 50/1(D)(s) (West 2022)) because he was currently incarcerated, he had repeatedly been incarcerated as a result of criminal convictions, and his repeated incarceration had prevented him from discharging his parental responsibilities as to the minor. The State's petition asked that termination be found to be in the best interests of G.G. and requested the Illinois Department of Children and Family Services retain custody and guardianship over the minor, with the authority to consent to adoption.

¶ 6            The trial court held the combined permanency and unfitness hearing in October 2024. The permanency report, filed earlier that month, noted David tested positive for methamphetamine in September 2024. David agreed to admit to the paragraph of the State's petition alleging depravity, and the State dismissed the remaining counts. The State also established a factual basis for the depravity count by providing certified copies of his convictions, showing three felony convictions, the most recent of which was within five years of the filing of the petition. The trial court thereafter found David unfit on the ground of depravity and set the best-interests hearing.

¶ 7        At the best-interests hearing, Lucretia T., G.G.'s maternal grandmother and foster mother, testified G.G. had been in her care since July 2022. Lucretia further testified she had adopted G.G.'s older siblings, who also lived in the home. According to Lucretia, G.G. was currently preparing to attend kindergarten next year and she was learning colors and numbers. Lucretia expressed her desire to adopt G.G. if permitted.

¶ 8        Brittany Delmar, a caseworker employed by the Center for Youth and Family Solutions, testified G.G. and Lucretia had a "loving relationship." She believed Lucretia did "a really good job with [G.G.] with her different moods, different attitudes, [and] different personality adjustments at this age." Delmar observed G.G. to be "very bonded" to her older siblings. According to Delmar, G.G. shared a room with her older sister and Lucretia's home was "set up very well for all children involved." And, despite David's interest in reuniting with G.G., Delmar explained his positive drug screen in September 2024 and his failure to appear for his most recent drug screening remained "big, big issue[s]" because "the reason that [G.G.] came into care was due to the drugs."

¶ 9        Ultimately, the trial court found the State established by a preponderance of the evidence that termination of David's parental rights was in G.G.'s best interests. In doing so, the court stated it considered the best-interests report, the evidence presented, the parties' arguments, and the statutory best-interests factors. Although the court recognized David' progress since his parole date in June 2024, it found continued placement with Lucretia to be the least disruptive. Noting the age of the case, the court observed G.G. had lived with Lucretia for "903 days." The court noted G.G. had a clear "sense of bonding and attachment to that home, to [Lucretia], and also to her siblings that are residing with her in that home." The court found G.G.'s age and her need for permanence favored terminating respondent's parental rights as being in her best

interests.

¶ 10    This appeal followed. In February 2025, appointed counsel for David on appeal filed a motion for leave to withdraw as David's counsel and attached a supporting memorandum of law, citing *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). This court granted David leave to file additional points and authorities on or before March 17, 2025. None have been filed.

¶ 11                                   II. ANALYSIS

¶ 12                                 A. *Anders* Motions

¶ 13    The *Anders* procedure pertaining to an appellate counsel's motion to withdraw applies to findings of parental unfitness and termination of parental rights. *In re S.M.*, 314 Ill. App. 3d 682, 685 (2000). Under *Anders*, a brief must accompany counsel's motion to withdraw, outlining any issues in the record which might arguably support the appeal, explaining why counsel finds those issues frivolous, and concluding that the case presents no viable grounds for appeal. *S.M.*, 314 Ill. App. 3d at 685-86. The appellate court will then review the record to determine whether the available arguments are wholly without merit. *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 10.

¶ 14    Here, appellate counsel suggests any appeal in this cause would be frivolous because there are no viable issues to raise in this case. Although counsel was able to identify several issues, upon a review of the full record, he found none of them sufficient to overturn or challenge the trial court's finding of unfitness based on depravity, leaving only the best-interests issue. Finding nothing in the record from which it could reasonably be argued the trial court's best-interests decision was against the manifest weight of the evidence, counsel asks to withdraw. Our review of the record and the applicable law leads us to conclude counsel is

correct. Accordingly, we grant his motion to withdraw.

¶ 15                                    B. Unfitness Finding

¶ 16        First, we agree with counsel, to the extent David appeals the trial court's unfitness finding, there is no viable issue. David stipulated to depravity, admitting he was convicted of at least three felonies, one of which was committed within the previous five years. In addition to stipulating to the petition, the State introduced certified copies of those convictions as exhibits. There is a rebuttable presumption a parent is depraved if they have been convicted of at least three felonies, with at least one of those felonies occurring within five years of the filing of the petition for termination. 750 ILCS 50/1(D)(i) (West 2022). Because the presumption is rebuttable, a parent is still able to present evidence showing that, despite his convictions, he is not depraved. *In re Addison R.*, 2013 IL App (2d) 121318, ¶ 24. However, where, as here, David stipulated to a finding of depravity and did not seek to rebut the presumption at the fitness stage, there is no viable issue on appeal concerning the court's unfitness finding. See 750 ILCS 50/1(D)(i) (West 2022).

¶ 17                                    C. Best-Interests Finding

¶ 18        Counsel likewise finds no appealable issues in the trial court's best-interests ruling, and we agree. After a parent is found unfit, "the focus shifts to the child." *In re D.T.*, 212 Ill. 2d 347, 364 (2004). The issue ceases to be "whether parental rights can be terminated" and becomes "whether, in light of the child's needs, parental rights should be terminated." (Emphases omitted.) *D.T.*, 212 Ill. 2d at 364. In assessing whether a party's parental rights should be terminated, the trial court will consider the factors set forth in section 1-3(4.05) of the Juvenile Court Act of 1987 (705 ILCS 405/1-3(4.05) (West 2022)). See *In re T.A.*, 359 Ill. App. 3d 953, 959-60 (2005). Those factors include: (1) the child's physical safety and welfare; (2) the

development of the child's identity; (3) the child's familial, cultural, and religious background and ties; (4) the child's sense of attachments, including where the child feels loved, attached, and valued; (5) the child's sense of security, familiarity, and continuity of affection; (6) the child's wishes and long-term goals; (7) the child's community ties; (8) the child's need for permanence; and (9) the uniqueness of every family and each child. 705 ILCS 405/1-3(4.05) (West 2022). We will not overturn a court's best interests finding unless it is against the manifest weight of the evidence. *In re Jay. H.*, 395 Ill. App. 3d 1063, 1071 (2009). A trial court's finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the decision is unreasonable, arbitrary, or not based on the evidence presented. *In re D.F.*, 201 Ill. 2d 476, 498 (2002).

¶ 19        Here, the evidence shows the best-interests factors support the termination of David's parental rights. Specifically, although the trial court recognized David had made progress toward reunification, he began using drugs again. He tested positive for methamphetamine in September 2024, and he failed to appear for his most recent drug screening. This, according to Delmar, was a "big, big issue" because "the reason that [G.G.] came into care was due to the drugs." Moreover, G.G. appeared to be thriving in her foster placement. G.G. was four years old at the time, had been placed with Lucretia for at least 903 days, and needed permanency. Lucretia could provide G.G. with safety, food, shelter, and clothing. She also expressed her commitment to adopt G.G. The court noted as well that G.G. is bonded to Lucretia, integrated into the household, and bonded with her siblings, who reside with her. The court found continued placement with Lucretia to be the least disruptive and G.G.'s need for permanence and the age of the case favored termination as being in her best interests.

¶ 20        All told, the record shows G.G. has structure and continuity and feels loved,

valued, secure, and nurtured in her current placement. This supports the trial court's decision. Thus, we cannot say the court erred in finding it was in G.G.'s best interests to terminate David's parental rights. When weighed against a legitimate concern for permanency for a child of tender years, the court's finding termination was in the minor's best interests is not against the manifest weight of the evidence. See *T.A.*, 359 Ill. App. 3d at 960-61. Thus, no meritorious issue can be raised concerning the court's best-interests finding. 705 ILCS 405/1-3(4.05) (West 2022).

¶ 21                          III. CONCLUSION

¶ 22          For the reasons stated, we grant the motion to withdraw as counsel on appeal and affirm the trial court's judgment.

¶ 23          Affirmed.