**NOTICE**
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250007-U

NO. 4-25-0007

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 28, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| KEVAS L. BALLANCE JR., | ) | No. 18CF528 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw and affirmed the trial court's dismissal of defendant's section 2-1401 (735 ILCS 5/2-1401 (West 2024)) petition for relief from judgment.

¶ 2     In October 2024, defendant, Kevas L. Ballance Jr., filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)). The trial court subsequently dismissed the petition, and defendant appealed. The Office of the State Appellate Defender (OSAD) was appointed to represent him on appeal.

¶ 3     On appeal, OSAD moves to withdraw on the basis the appeal presents no potentially meritorious issues for review. We grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 4                                  I. BACKGROUND

¶ 5     In May 2018, a grand jury indicted defendant on four counts of first degree

murder (720 ILCS 5/9-1(a)(1)-(3) (West 2018)), one count of armed robbery (720 ILCS 5/18-2(a)(4) (West 2018)), and one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2018)) for the shooting death of Matthew Greer-Blakey in Sangamon County case No. 18-CF-528.

¶ 6        In August 2022, defendant entered into a fully negotiated plea agreement, wherein he pleaded guilty to second degree murder in exchange for a sentence of 20 years' imprisonment, to be served at 50%, with one year of mandatory supervised release. The remaining charges were dismissed. No direct appeal was filed in this case.

¶ 7        In March 2024, the trial court vacated defendant's 2007 conviction for aggravated unlawful use of a weapon (AUUW) in Sangamon County case No. 07-CF-718.

¶ 8        In October 2024, defendant filed a *pro se* "Petition for Relief from Judgment/Resentence" pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2024)). Defendant argued the trial court and the State erroneously considered his void 2007 AUUW conviction during plea negotiations and sentencing. He similarly argued the void conviction improperly enhanced his sentences for his 2009 possession of a controlled substance conviction and 2014 aggravated robbery conviction, which in turn improperly enhanced his sentence in this case. He also raised an ineffective assistance of counsel claim and asked the court to review his claims under the plain error doctrine. Defendant asked the court to reduce his sentence in this case to 10 years' imprisonment and to vacate his 2009 and 2014 convictions. He also requested the appointment of counsel. The State did not file a responsive pleading.

¶ 9        On November 20, 2024, the trial court *sua sponte* dismissed defendant's petition. A docket entry entered the same day indicated the court found the petition's request for a lesser sentence was not in compliance with section 2-1401 of the Code (735 ILCS 5/2-1401 (West

2024)).

¶ 10 On January 3, 2025, defendant filed a notice of appeal, and this court appointed OSAD to represent him. In April 2025, on defendant's motion, our supreme court entered a supervisory order directing this court to treat defendant's notice of appeal as a properly perfected appeal from the November 20, 2024, order.

¶ 11 In June 2025, OSAD filed a motion to withdraw as appellate counsel and attached a supporting memorandum of law, citing *People v. Kuehner*, 2015 IL 117695, and *People v. Meeks*, 2016 IL App (2d) 140509. Defendant had until July 18, 2025, to respond. No response has been filed.

¶ 12                                        II. ANALYSIS

¶ 13 On appeal, OSAD seeks to withdraw as counsel, contending this case presents no potentially meritorious issues for review. OSAD supported its motion with a brief identifying potential issues and explaining why those arguments would be frivolous. Specifically, OSAD asserts (1) the petition was untimely, (2) the underlying judgment was not void, (3) the trial court did not commit any procedural error in denying the petition, and (4) the court did not abuse its discretion by declining to appoint counsel. After examining the record on appeal, the motion to withdraw, and OSAD's memorandum of law, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 14 Section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2024)) provides a comprehensive statutory procedure to seek relief from final judgments more than 30 days after their entry. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Relief under section 2-1401 is available in both civil and criminal proceedings. *People v. Haynes*, 192 Ill. 2d 437, 460-61 (2000). "A section 2-1401 petition, however, is 'not designed to provide a general review of all trial errors

nor to substitute for direct appeal.' " *Haynes*, 192 Ill. 2d at 461 (quoting *People v. Berland*, 74 Ill. 2d 286, 314 (1978)). We review the dismissal of a section 2-1401 petition *de novo*. *People v. Thompson*, 2015 IL 118151, ¶ 25.

¶ 15        OSAD first asserts the petition was untimely. A section 2-1401 petition must be filed more than 30 days but not later than two years after the entry of the final judgment. 735 ILCS 5/2-1401(a), (c) (West 2024); *People v. Caballero*, 179 Ill. 2d 205, 210-11 (1997). The two-year limit is tolled for any time the petitioner is under legal disability or duress, or if the ground for relief is fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2024); *Caballero*, 179 Ill. 2d at 211. Here, defendant did not file his petition within two years of his sentencing, and he does not claim he experienced a legal disability or duress or that the ground for relief was fraudulently concealed. Thus, we agree defendant's petition is untimely.

¶ 16        Moreover, OSAD determined defendant cannot overcome the procedural forfeiture of timeliness because he does not raise a cognizable voidness challenge. A void judgment may be challenged at any time through a section 2-1401 petition. *Thompson*, 2015 IL 118151, ¶ 31; 735 ILCS 5/2-1401(f) (West 2024). A judgment is void under section 2-1401 if (1) the court entering the judgment lacked personal or subject matter jurisdiction or (2) it was based on a facially unconstitutional statute, which is void *ab initio*. *Thompson*, 2015 IL 118151, ¶¶ 31-32. Defendant does not allege the trial court lacked personal or subject matter jurisdiction. Further, his assertion that his sentence was based on a facially unconstitutional statute must fail. In the petition, defendant asserted the State and the court improperly considered his void 2007 AUUW conviction during plea negotiations and sentencing. However, defendant pleaded guilty pursuant to a fully negotiated plea agreement, where he agreed to a 20-year sentence. It does not follow that a fully negotiated sentence was based on a facially unconstitutional statute because at

the time of sentencing, a void conviction was included in the defendant's criminal history. Additionally, we are without authority to vacate defendant's 2009 and 2014 convictions, as those convictions were entered in cases that are not presently before this court. See 725 ILCS 5/2-1401(b) (West 2024) ("The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof."). Accordingly, we agree no reasonable argument could be made the underlying judgment is void.

¶ 17    OSAD next asserts the trial court did not commit procedural error when dismissing the petition. The State has 30 days after the filing of a section 2-1401 petition to answer or otherwise plead in response. *People v. Carter*, 2015 IL 117709, ¶ 16. Where 30 days have passed and the State has filed no responsive pleading, the court may properly *sua sponte* dismiss the petition on the merits. *People v. Stoecker*, 2020 IL 124807, ¶ 19. The State's failure to answer the petition constitutes "an admission of all well-pleaded facts" and renders the petition "ripe for adjudication." *Vincent*, 226 Ill. 2d at 9-10. Here, defendant filed the petition on October 10, 2024, the State did not file a responsive pleading, and the court *sua sponte* dismissed the petition on November 20, 2024. As such, we agree the court followed proper procedure when dismissing the petition.

¶ 18    Finally, OSAD contends the trial court did not abuse its discretion by declining to appoint counsel. Because a petitioner seeking relief under section 2-1401 has no constitutional or statutory right to the effective assistance of counsel, it is fully within the court's discretion whether to appoint counsel. *Stoecker*, 2020 IL 124807, ¶¶ 35-36. Here, even if counsel was appointed, no amendments could be made to the petition which would overcome the procedural bars of section 2-1401 of the Code. Therefore, we agree the court did not abuse its discretion by declining to appoint counsel.

¶ 19          III. CONCLUSION

¶ 20    For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 21    Affirmed.