NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210400-U

NO. 4-21-0400

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 13, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| MICHAEL FRANKLIN-BERRYMAN, | ) | No. 19CF360 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

---

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment.

¶ 2    In a May 2021 bench trial, the trial court found defendant, Michael Franklin-Berryman, guilty of one count of aggravated unlawful use of a weapon, a Class 4 felony. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2018). The court sentenced defendant to 24 months' conditional discharge, 180 days in jail with credit for 3 days served, and the remaining 177 days held in remission. Defendant filed a notice of appeal, and the court appointed the Office of the State Appellate Defender (OSAD) to represent defendant in this appeal.

¶ 3    On appeal, OSAD moves to withdraw its representation of defendant, citing *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384, 231 N.E.2d 390

(1967). OSAD contends any appeal in this case would be frivolous. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5        In December 2019, the State charged defendant by information with one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2018)), alleging defendant "knowingly carried in his vehicle *** a firearm, an HK 4 handgun, at a time when the defendant had not been issued a currently valid Firearm Owner's Identification [FOID] Card." In March 2021, defendant waived his right to a jury trial. Defendant executed a written waiver, and the trial court admonished defendant of his right to a jury trial. The court found defendant knowingly and voluntarily waived his right to a jury trial.

¶ 6        On May 3, 2021, the matter proceeded to a bench trial. The State first called Brittany Brewer, who testified she was defendant's girlfriend. Brewer stated on December 22, 2019, she and defendant were travelling on the interstate when defendant was stopped by a law enforcement officer. Brewer testified she had placed defendant's handgun in her purse after leaving a hotel in Naperville, Illinois. Brewer denied seeing defendant with the handgun while they were in the vehicle. When asked about an incident involving another driver, Brewer explained defendant "was just trying to, you know, get us in a safe way from the driver; but the driver was still kind of driving out of control a little bit."

¶ 7        The State then called Trooper Justin Lankford. Lankford testified he was an Illinois State Police patrolman. Lankford explained on December 22, 2019, at approximately 12:51 p.m., he was on patrol when he received a call about a blue Scion vehicle being driven by a Hispanic male with a mustache. Lankford observed a blue Scion driven by an individual matching the description of the driver and conducted a traffic stop. Lankford identified defendant

as the driver of the vehicle and asked if there were any weapons in the vehicle. Defendant told Lankford there was an HK handgun in Brewer's purse. Lankford testified Brewer confirmed the gun was in her purse, which was behind the driver's seat. Lankford recovered the handgun from Brewer's purse. Lankford testified the handgun was loaded with 15 live rounds but none were in the chamber. Brewer told Lankford there had been an incident earlier involving defendant and another driver. Defendant had asked Brewer for the handgun, and then defendant displayed it to the other driver. On cross-examination, Lankford admitted the handgun was not tested for fingerprints or DNA. Defense counsel tendered Lankford a portion of his police report in which Lankford did not indicate defendant admitted to handling the handgun.

¶ 8        On redirect-examination, the State provided Lankford with a more complete version of his police report, in which Lankford indicated defendant had admitted to holding the handgun. The State also introduced Brewer's written statement, which was admitted without objection. Brewer's written statement indicated, "Car passed us by, believe they might have cut us off my boyfriend got angry drove up beside him and said something but I'm unsure of what was said. I know for a fact it wasn't a threat. That's when he asked for his weapon from my purse and he had it on his lap. [A]nd showed it to the other driver." In addition, the State introduced certified abstracts from the Illinois State Police Firearms Services Bureau indicating defendant had never been issued a FOID card or a concealed-carry license.

¶ 9        At the close of the State's case, defendant rested without presenting any evidence. After closing arguments, the trial court found defendant guilty of aggravated unlawful use of a weapon. The court characterized Brewer as "actually a terrible witness. It was pretty obvious she was covering for the Defendant *** and she did actually [backpedal] a couple of times on her testimony and contradict herself." However, the court found Brewer's written statement to be

credible, indicating it was "corroborated by statements made by Defendant to Trooper Lankford that he had the gun in his hand but never displayed it." The court also noted the circumstantial evidence from Brewer's testimony in which she continuously referred to the handgun as belonging to defendant.

¶ 10    On June 1, 2021, defendant filed a motion for a new trial and other posttrial relief, asserting (1) he was innocent of the charges against him, (2) the State failed to prove the essential elements of the offense beyond a reasonable doubt, and (3) the evidence was insufficient to support defendant's conviction.

¶ 11    On June 24, 2021, the trial court held a hearing on defendant's motion for a new trial and other posttrial relief. Defendant argued the evidence presented at trial showed the handgun was in Brewer's purse, Brewer had placed the handgun in her purse upon leaving the hotel in Naperville, and while there were allegations defendant had displayed the handgun in an incident with another driver, there was no testimony from anyone involved in the incident. Defendant cited to Brewer's testimony in which she denied defendant had used or displayed the handgun while in the vehicle. Based upon the insufficient evidence and inconsistent testimony, defendant requested a new trial. In response, the State argued Brewer's testimony had been impeached by her written statement and the court had determined Brewer was not a reliable witness. After argument, the court denied defendant's motion, stating, "I have not heard anything new or different today. *** I believe that the evidence supports the Court's finding."

¶ 12    On July 12, 2021, the matter proceeded to sentencing. The State recommended a sentence of 24 months' probation, an order requiring defendant to participate in anger management and substance abuse treatment, and 180 days in jail with 90 days stayed pending defendant's compliance. The State asserted, "[W]hether or not there was a road rage incident

really doesn't matter. It's the Defendant's possession of this firearm which he did so unlawfully and that he had it out in a moving vehicle." Defense counsel recommended a sentence of 24 months' conditional discharge, arguing defendant had no prior criminal history. Following the recommendations, defendant made a statement in allocution. Defendant explained he "never used a weapon intending to hurt anybody." In addition, he was unaware of the Illinois FOID card requirement, stating, "[T]hat's my fault which isn't an excuse ***[,] and I should have done research before I moved here to Illinois." Based upon its consideration of the information contained in the presentence investigation report, the sentencing recommendations, the statement in allocution, and the statutory factors in aggravation and mitigation, the trial court sentenced defendant to 24 months' conditional discharge, ordering defendant to serve 180 days in jail with credit for 3 days already served and the remaining 177 days in jail to be stayed. The court noted it did not find strong aggravating factors in this case, indicating deterrence was "the only factor that really stands out in the Court's mind." In addressing the mitigating factors, the court noted defendant's military service and the lack of a prior criminal history. Further, defendant "had gone through the FBI to get the weapon or at least that's not been contested." Additionally, the court noted the impact a felony conviction would have on defendant's future employability and ability to obtain a FOID card was itself "a pretty significant punishment." Defendant did not file a motion to reconsider his sentence.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, OSAD has filed a motion to withdraw as counsel and has attached to the motion a supporting memorandum pursuant to *Anders*. The proof of service shows service of the motion upon defendant. This court granted defendant leave to file additional points and

authorities on or before January 25, 2022. None have been filed. Based on an examination of the record, we conclude, as has OSAD, that no meritorious issues are presented for review and any appeal would be without merit.

¶ 16        Under *Anders*, a brief must accompany counsel's motion to withdraw, outlining any issue in the record that might arguably support the appeal, explaining why counsel finds those issues frivolous and concluding that the case presents no viable grounds for appeal. *In re S.M.*, 314 Ill. App. 3d 682, 685, 732 N.E.2d 140, 143 (2000). The appellate court will then review the record to determine whether the available arguments are wholly without merit. *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 10, 51 N.E.3d 1109.

¶ 17        OSAD identifies the following as potential arguments on appeal: (1) whether defendant knowingly and voluntarily waived a jury trial, (2) whether defendant was proven guilty beyond a reasonable doubt, (3) whether defendant was provided ineffective assistance of counsel, and (4) whether defendant's sentence constituted an abuse of discretion.

¶ 18                                A. Jury Waiver

¶ 19        Both the Illinois Constitution (Ill. Const. 1970, art. I, § 8) and the United States Constitution (U.S. Const., amends. VI, XIV) guarantee a criminal defendant's right to a trial by jury. *People v. May*, 2021 IL App (4th) 190893, ¶ 43. The trial court has a duty to "insure that a defendant's waiver of the right to a jury is made understandingly in that it is both knowing and voluntary." *People v. Tooles*, 177 Ill. 2d 462, 468, 687 N.E.2d 48, 51 (1997). "Generally, a jury waiver is valid if it is made by defense counsel in defendant's presence in open court, without an objection by defendant." *People v. Bracey*, 213 Ill. 2d 265, 270, 821 N.E.2d 253, 256 (2004). " 'When a defendant waives the right to a jury trial, the pivotal knowledge that the defendant must understand—with its attendant consequences—is that the facts of the case will be

determined by a judge and not a jury.' " *May*, 2021 IL App (4th) 190893, ¶ 46 (quoting *People v. Bannister*, 232 Ill. 2d 52, 69, 902 N.E.2d 571, 583 (2008)). Ultimately, whether a jury waiver was understandingly made depends on the particular facts and circumstances of each case. *People v. Liekis*, 2012 IL App (2d) 100774, ¶ 30, 973 N.E.2d 1065.

¶ 20 At a hearing on March 8, 2021, defendant signed a written waiver of his right to a jury trial and consent to a bench trial. The trial court then questioned defendant as to whether he understood that by waiving his right to a jury trial, he would be consenting to a bench trial in which the court alone would decide whether he was guilty of the offense as charged. Defendant stated he understood. The court then asked defendant if he understood the waiver of his right to a jury trial was permanent. Defendant indicated he understood. When asked if he had been forced to waive his right to a jury trial, or if he had been promised anything to waive his right to a jury trial, defendant responded in the negative. Defendant also indicated he had discussed the waiver of his right to a jury trial with his attorney. Finally, the court inquired, "Knowing that this is a permanent waiver of your right to a jury trial, do you still wish to waive that right?" Defendant responded, "Yes, your honor." Accordingly, we agree with OSAD there is no arguable merit to a claim defendant did not knowingly and voluntarily waive his right to a jury trial.

¶ 21 B. Sufficiency of the Evidence

¶ 22 "The State has the burden of proving beyond a reasonable doubt each element of an offense." *People v. Gray*, 2017 IL 120958, ¶ 35, 91 N.E.3d 876. A guilty verdict shall not be overturned based upon a challenge to the sufficiency of the evidence unless no rational trier of fact, viewing the evidence most favorable to the State, could have found the essential elements of a crime beyond a reasonable doubt. *Gray*, 2017 IL 120958, ¶ 35. The reviewing court, when

considering the sufficiency of the evidence, does not retry the defendant. *People v. Beauchamp*, 241 Ill. 2d 1, 8, 944 N.E.2d 319, 322 (2011).

¶ 23 Here, the State presented the testimony of Trooper Lankford. Lankford testified he recovered a handgun from Brewer's purse, located behind the driver's seat of the vehicle. Although Brewer denied observing defendant with the handgun in the vehicle, her written statement indicated defendant "asked for his weapon" from Brewer's purse "and he had it on his lap." The written statement was admitted without objection. Lankford testified both defendant and Brewer gave statements indicating defendant held the handgun while in the vehicle. The State also presented, without objection, certified abstracts from the Illinois State Police Firearms Services Bureau indicating defendant had never been issued a FOID card or a concealed-carry license. Based on this record, we agree with OSAD any argument the State failed to prove the elements of the crimes charged beyond a reasonable doubt would be without merit.

¶ 24 C. Ineffective Assistance of Counsel

¶ 25 A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Veach*, 2017 IL 120649, ¶ 29, 89 N.E.3d 366. To prevail, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). To establish deficient performance, the defendant must show "counsel's performance 'fell below an objective standard of reasonableness.' " *People v. Valdez*, 2016 IL 119860, ¶ 14, 67 N.E.3d 233 (quoting *Strickland*, 466 U.S. at 688). Prejudice is established when a reasonable probability exists that, but for counsel's unprofessional error, the result of the proceeding would have been different. *People v. Evans*, 209 Ill. 2d 194, 219-20, 808 N.E.2d 939, 953 (2004) (citing *Strickland*, 466

U.S. at 694). A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18, 939 N.E.2d 310, 319 (2010). " 'Effective assistance of counsel refers to competent, not perfect representation.' " *Evans*, 209 Ill. 2d at 220 (quoting *People v. Stewart*, 104 Ill. 2d 463, 491-92, 473 N.E.2d 1227, 1240 (1984)). Mistakes in trial strategy or tactics do not necessarily render counsel's representation defective. See *People v. Hanson*, 238 Ill. 2d 74, 107, 939 N.E.2d 238, 258 (2010) (finding defense counsel's decision not to file a motion *in limine* instead of objecting at trial was not objectively unreasonable).

¶ 26        OSAD argues there is no meritorious argument trial counsel provided ineffective assistance of counsel. Specifically, OSAD argues defendant was not prejudiced by counsel's (1) "failed impeachment attempt" of Trooper Lankford or (2) failure to object on hearsay grounds to Lankford's testimony regarding Brewer's statements during the traffic stop.

¶ 27        First, defense counsel did not merely attempt to impeach Trooper Lankford, but did, in fact, impeach Lankford. Defense counsel tendered to Lankford a portion of his written police report in which Lankford admitted he did not see in his report that defendant admitted to holding the handgun, thereby attempting to discredit Lankford's earlier testimony regarding the handgun.

¶ 28        Second, the record shows defense counsel did, in fact, object to Lankford's testimony regarding Brewer's statements during the traffic stop on both relevancy and hearsay grounds. In overruling the objection, the trial court stated it would allow the testimony for the purpose of impeaching Brewer. See *People v. White*, 2011 IL App (1st) 092852, ¶ 52, 963 N.E.2d 994 ("Prior inconsistent statements are a vital tool to challenge witness credibility by contradicting and discrediting trial testimony.").

¶ 29    Even if we were to assume defense counsel's performance fell below an objective standard of reasonableness, defendant could not establish prejudice. Thus, we agree with OSAD there is no meritorious argument defendant was deprived the effective assistance of his defense counsel.

¶ 30                              D. Sentence

¶ 31    We afford a trial court's sentencing decision substantial deference. *People v. Snyder*, 2011 IL 111382, ¶ 36, 959 N.E.2d 656. "A sentence within the statutory guidelines provided by the legislature is presumed to be proper." *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 8, 126 N.E.3d 787. A trial court abuses its discretion only when imposing a sentence "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000).

¶ 32    Here, defendant was convicted of unlawful use of a weapon, a Class 4 felony, which is punishable by one to three years in prison or a term of up to 30 months' probation or conditional discharge (730 ILCS 5/5-4.5-45(a), (d) (West 2018)). The trial court sentenced defendant to 24 months' conditional discharge. Because defendant's sentence falls within the permissible sentencing range, it is presumed to be proper, and nothing in the record defeats this presumption. Thus, any argument the court abused its discretion in sentencing defendant would be without arguable merit.

¶ 33                            III. CONCLUSION

¶ 34    For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 35    Affirmed.