2024 IL App (1st) 221139-U

No. 1-22-1139

Order filed February 29, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 1768 |
| | ) | |
| DEEQWAN COLLINS, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirmed defendant's sentence where the trial court neither improperly considered an element of the offense in aggravation nor abused its discretion in sentencing defendant to a prison term of seven years and six months for residential burglary.

¶ 2   Following a jury trial, defendant Deeqwan Collins was convicted of residential burglary and sentenced to a prison term of seven years and six months. On appeal, defendant contends that the trial court improperly considered an element of the offense in aggravation at sentencing, erroneously considered his pretrial sentencing credit in determining the length of his sentence, and

imposed an excessive sentence that did not properly consider his rehabilitative potential. For the following reasons, we affirm.

¶ 3    Defendant was charged with residential burglary (720 ILCS 5/19-3(a) West 2018)) for, on or about June 4-5, 2019, knowingly and without authority entering the dwelling of Neal Weisenburger with the intent to commit theft therein. Defendant was arrested for the offense in January 2021.

¶ 4    The evidence at the April 2022 trial was that someone entered Weisenburger's home on the night in question while he and others were sleeping there. Weisenburger testified that, on the morning of June 5, 2019, he noticed that his "personal electronics" (including a laptop computer, tablet, and smartphone) that had been there in the evening were gone and an unfamiliar plastic bottle was there. Before calling the police, Weisenburger confirmed that nobody in the home took the electronics or left the bottle. Weisenburger did not know defendant, who did not have his permission to be in his home or remove any items on June 5, 2019. A buccal swab from defendant established that he was included as a possible source of the DNA from the bottle, as "the DNA profile developed from the juice bottle is expected to occur approximately 1 in 1.2 septillion *** unrelated individuals." Following instructions and argument, the jury found defendant guilty of residential burglary.

¶ 5    Defendant's presentencing investigation report (PSI) stated that he was born in March 1993 and had a prior conviction for burglary in 2018, three offenses of criminal trespass in 2017, 2018, and 2020, and retail theft under $300 in 2017. For the burglary conviction, he received two years' of second chance probation pursuant to 730 ILCS 5/5-6-3.4(a) (West 2018) completed

satisfactorily in 2020. Defendant received six months' conditional discharge for one criminal trespass offense and jail terms of 2 or 10 days for the other three convictions.

¶ 6    According to the PSI, defendant never knew his father, his mother used drugs throughout his childhood, "he was a part of DCFS as a child because his mother burned his feet in a hot tub" and she "was unfit to raise him and his siblings." While he was manipulated and abused physically and emotionally as a child and had no support from his parents, he had "a very good relationship with his siblings." Defendant completed the 11th grade but lost motivation to complete high school when his grandmother died. He stated he had "plans on earning a GED in the future." Other than "odd jobs," he worked one month as a forklift operator for $18.50 hourly. He was married with one daughter, had "a beautiful relationship with his child," and felt "his wife is his only supporting relationship." He lived with his family at the address on the PSI for about four months, they had to leave previous lodgings due to unpaid rent, and he lived in a "rough" or violent neighborhood but felt safe. He had no close friends, and he was not in a gang. He denied having ill health physically or mentally and denied abusing alcohol or drugs.

¶ 7    At the June 2022 sentencing hearing, the State amended the PSI to add a second prior conviction for burglary to which defendant pled guilty on the same day as the 2018 burglary conviction already in the PSI, received the same sentence of second chance probation, and also completed that probation satisfactorily in 2020. Defendant was on probation for the two buglaries at the time he committed the instant offense. The State argued that defendant should receive six to eight years in prison.

¶ 8    Defendant's wife Adriannia Collins addressed the court, stating that he was a good father to his own daughter and to his stepdaughter. She explained that defendant helped her through

severe depression, his "personal upbringing, professional experiences, and academic background" limited him to "extremely temporary and *** uncertain" odd jobs, and he was now improving himself both financially (with an improved credit score) and spiritually. Defendant's brother submitted a letter describing defendant's childhood when he was in poverty and how, after his grandmother died, defendant became isolated until he met Adriannia, and has recovered his purpose in life with his new family. Counsel argued that defendant made "a whole different commitment to his life" in the interim between committing this offense in 2019 and when he was charged, and sought the minimum sentence of four years in prison. Defendant declined to address the court personally.

¶ 9 The court sentenced defendant to a prison term of seven years and six months. In imposing sentence, the court stated that it considered statutory and non-statutory aggravating and mitigating factors, including the support of defendant's family, that he had a history of employment, and that he "had less than a favorable childhood" with "domestic abuse." The court noted that "[t]his is a mandatory sentence. As we know residential burglary is a Class 1 felony, nonprobationable. I think it's a reasoning of the legislature that there should be increased penalties for someone that invades the province of one's home as compared to the province of one's garage, office or even a car."

¶ 10 The court explained that it was concerned about "a couple different things. No. 1, defendant did that while he was on two separate probations, two separate probations for burglary. *** I'm particularly concerned about the fact that he is on probation for burglary when he committed this offense. He has isolated misdemeanor cases which is concerning to me, *** three separate criminal trespasses. Also, a retail theft. Albeit that was a misdemeanor." The court noted that on the other hand, "his wife and his brother seem[] to paint a different picture." The court expressly found that

a sentence at the higher end of the range was inappropriate and would not properly account for the mitigating factors but the minimum sentence was also inappropriate as the offense was committed while defendant was on probation.

¶ 11    The court imposed a term of seven and a half years' imprisonment. It then asked about defendant's pretrial detention credit. Defense counsel told the court that defendant had 248 days on electronic monitoring and in custody, "and pursuant to the statute, which indicates with 12 hours of home confinement there is an additional 279." The court asked "did I have him on 11 hours a day or did I have him on 24 hours a day" and then awarded "527 days time considered served." The mittimus reflects credit for 527 days.

¶ 12    Defendant timely filed a motion to reconsider his sentence. In the motion, he argued that his sentence was excessive, the trial court did not consider all mitigating factors, and the court considered in aggravation matters inherent to the offense. The court denied the motion after brief argument. In finding the sentence "commensurate with all the factors in aggravation [and] mitigation," the court stated "I'm giving defendant credit for well in excess of a year and a half that he spent walking the streets both on pretrial and on electronic home monitoring."

¶ 13    On appeal, defendant first contends that, in imposing sentence, the trial court improperly considered an element of the residential burglary offense in aggravation, specifically that defendant entered a home during commission of the offense.[1] He also contends the court erroneously considered his pretrial detention credit in determining the length of his sentence.

---

[1] "A person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a) (West 2018).

¶ 14    The trial court may not consider a factor inherent in the offense in aggravation, but it is appropriate to consider the degree and gravity of the defendant's conduct including the threat of harm to the public. *People v. Jeffers*, 2022 IL App (2d) 210236, ¶¶ 25-27 (citing *People v. Saldivar*, 113 Ill. 2d 256, 271-72 (1986)). The court is not required to refrain from mentioning factors that constitute elements of the offense. *Id*. ¶ 24. There is a strong presumption that the court based its sentencing determination on proper legal reasoning, and we must consider the record as a whole rather than isolated remarks. *Id*. The defendant bears the burden of showing that the trial court improperly considered in aggravation a factor inherent in the offense. *Id*. We review *de novo* whether the court considered a factor inherent in the offense. *Id*. ¶ 23.

¶ 15    Here, taking the court's sentencing remarks as a whole, it is apparent that the court was not considering defendant's entry into a home as an aggravating factor but merely explaining why the legislature has imposed a higher felony class for residential burglary than for burglary. Residential burglary is a class 1 felony punishable by 4 to 15 years' imprisonment, while burglary of a non-residential building is a class 2 felony punishable by 3 to 7 years' imprisonment. 720 ILCS 5/19-1(b), 19-3(b) (West 2018); 730 ILCS 5/5-4.5-30(a), 5-4.5-35(a) (West 2018). The court clearly separated the "reasoning of the legislature" in establishing the applicable sentencing range from "[w]hat the Court is concerned about" in imposing a sentence within that range. Given this record, we cannot say that the court considered an improper factor in imposing sentence.

¶ 16    As to defendant's pretrial detention credit, we consider it decisive that the court imposed its sentence of seven and a half years' imprisonment before the topic of pretrial detention credit was ever broached. The court's comment in denying reconsideration about defendant "walking the streets" may or may not indicate its displeasure with the legislature's decision on credit as

defendant argues. However, the record clearly shows the court awarded the full credit defendant requested. The record does not show that the court abused its sentencing discretion based on this isolated remark. See *Jeffers*, 2022 IL App (2d) 210236, ¶ 24.

¶ 17    Defendant also contends that his sentence is excessive.

¶ 18    The trial court has broad discretion in imposing a sentence, and its sentencing decisions are entitled to great deference. *People v. Snyder*, 2011 IL 111382, ¶ 36; *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). That is because it observed the defendant and the proceedings and is in a superior position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age. *Snyder*, 2011 IL 111382, ¶ 36. We may not modify a defendant's sentence absent an abuse of discretion, which we find only if the sentence is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *People v. Webster*, 2023 IL 128428, ¶¶ 21, 32. We may not substitute our judgment for that of the trial court merely because we would weigh the aggravating and mitigating factors differently. *Alexander*, 239 Ill. 2d at 213.

¶ 19    Residential burglary is a class 1 felony punishable by 4 to 15 years' imprisonment. 720 ILCS 19-3(b) (West 2018); 730 ILCS 5/5-4.5-30(a) (West 2018). Defendant's sentence of seven and a half years falls within this statutory range and is therefore presumed proper. *Webster*, 2023 IL 128428, ¶ 21.

¶ 20    Defendant does not dispute that his sentence falls within the applicable sentencing range. Rather, he argues that the trial court imposed an excessive sentence in light of his self-rehabilitation between the time of the offense and his arrest and his rehabilitative potential, noting his abusive childhood, years of homelessness, and non-violent criminal history.

¶ 21     "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The mandate is to balance the retributive and rehabilitative purposes of punishment. *People v. Elizondo*, 2021 IL App (1st) 161699, ¶ 113. A defendant's rehabilitative potential is not entitled to greater weight than the seriousness of the offense, which is the most important factor in sentencing. *Alexander*, 239 Ill. 2d at 214: *Elizondo*, 2021 IL App (1st) 161699, ¶ 113. The trial court is presumed to have considered any evidence in mitigation placed before it. *People v. Garcia*, 2023 IL App (1st) 172005, ¶ 67. It is not required to make express findings regarding a defendant's rehabilitative potential. *Elizondo*, 2021 IL App (1st) 161699, ¶ 113. A sentence within the statutory range is excessive if it was imposed without regard for the defendant's rehabilitative potential. *People v. Elliott*, 2022 IL App (1st) 192294, ¶ 58.

¶ 22     After reviewing the record, we find that the trial court did not abuse its discretion in sentencing defendant to seven and a half years' imprisonment. Here, the trial court had all the mitigating factors now relied upon by defendant before it at sentencing, presented via the PSI, counsel's argument, and witness letters and testimony. See *Garcia*, 2023 IL App (1st) 172005, ¶ 67 (trial court is presumed to have considered any evidence in mitigation placed before it). Contrary to defendant's characterization that the court "was predisposed to view [him] as incorrigible," it remarked more than once on the mitigating factors, including defendant's new family, family support, history of employment, and childhood domestic abuse, and expressly found that those factors weighed against a higher sentence. Given this record, we cannot conclude that the court had no regard for his self-rehabilitation and rehabilitative potential or that his sentence is excessive. See *Elliott*, 2022 IL App (1st) 192294, ¶ 58. This is especially so where, as here,

defendant committed a felony while on probation for another felony, a statutory aggravating factor (730 ILCS 5/5-5-3.2(a)(12) (West 2018)).[2]

¶ 23    In conclusion, we do not find the prison term of 7½ years for residential burglary, an offense with a sentencing range of 4 to 15 years, is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. Accordingly, the trial court did not abuse its considerable sentencing discretion in the sentence, and the judgment of the court is affirmed.

¶ 24    Affirmed.

---

[2] As noted above, the PSI as supplemented at the sentencing hearing indicated that defendant had prior convictions for burglary in 2018, for which he received concurrent sentences of probation that he did not complete until 2020.