NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 4230570-U

NO. 4-23-0570

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| JAMES A. JEFFERS, | ) | No. 15CF2791 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Philip J. Nicolosi, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's dismissal of defendant's petition for relief from judgment.

¶ 2     Defendant, James A. Jeffers, appeals from the trial court's dismissal of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The Office of the State Appellate Defender (OSAD) moves to withdraw on the basis the appeal presents no potentially meritorious issues for review. We grant OSAD's motion to withdraw and affirm the court's judgment.

¶ 3                   I. BACKGROUND

¶ 4     The factual background and procedural history of defendant's case were thoroughly examined on direct appeal. See *People v. Jeffers*, 2022 IL App (2d) 210236. Accordingly, we address only the facts relevant to the disposition of this appeal.

¶ 5                              A. Indictment and Guilty Plea

¶ 6            In December 2015, a grand jury indicted defendant on eight counts, including aggravated driving under the influence of alcohol involving the death of Alex Tyrell Banks (625 ILCS 5/11/501(a)(2), (d)(1(F) (West 2014)) (count I) and aggravated driving under the influence of alcohol involving great bodily harm to Tanisha Gates (625 ILCS 5/11-501(a)(2), (d)(1)(C) (West 2014)) (count V).

¶ 7            At an October 2018 plea hearing, defense counsel informed the trial court defendant would be entering an open guilty plea as to counts I and V. The State agreed to dismiss the remaining counts. The court admonished defendant on the rights he was giving up, and defendant pleaded guilty to counts I and V.

¶ 8            In March 2019, the matter proceeded to sentencing. At the start of the hearing, the trial court reminded defendant "that your plea was to Counts 1 and 5. Count 1 for aggravated driving under the influence of alcohol involving the death of Alex Tyrell Banks, a Class 2 felony." The court sentenced defendant "to a term in the Illinois Department of Corrections of 10 years on Count 1 with a term for Count 5 of a concurrent five years." The written sentencing order listed the respective sentences for counts I and V. However, the order also indicated "counts 1, 2, 3, 4, 6, 7, 8 *** dismissed per plea."

¶ 9            Defendant filed a motion to reconsider his sentence, which the trial court denied.

¶ 10                              B. Direct Appeal

¶ 11            In June 2019, defendant appealed from the denial of his motion to reconsider his sentence. The Second District granted defendant's motion for summary remand because defense counsel filed a deficient certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

On remand, the trial court denied defendant's amended motion to reconsider his sentence. Defendant appealed, and the Second District affirmed. *Jeffers*, 2022 IL App (2d) 210236, ¶ 33.

¶ 12                                    C. Petition for Relief From Judgment

¶ 13            In May 2022, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)). Defendant argued his sentence on count I was void because the written sentencing order listed count I as dismissed per the plea agreement. He requested the trial court vacate his sentence on count I.

¶ 14            The State filed a motion to dismiss defendant's petition. The State maintained the sentencing order mistakenly listed count I as dismissed. The proper remedy, the State argued, was not to vacate defendant's sentence, but to issue a corrected sentencing order pursuant to Illinois Supreme Court Rule 472(a)(4) (eff. May 7, 2019). The State requested the trial court dismiss defendant's section 2-1401 petition and amend the written sentencing order by removing the language dismissing count I.

¶ 15            Defendant filed a motion to vacate the State's response. He further argued his sentence on count I was void, claiming the state's attorney's office prosecuting his case was part of the judicial branch, constituting a separation of powers violation.

¶ 16            In October 2022, the trial court appointed counsel to represent defendant on his section 2-1401 petition. In December 2022, counsel moved to withdraw, arguing the section 2-1401 petition was a civil matter which would not entitle defendant to appointed representation. The State agreed with defense counsel. The court granted counsel leave to withdraw "based on [counsel]'s representation that this is civil in nature." The court further stated, "I don't believe that [defendant] would be entitled to the appointment of private counsel."

¶ 17    In June 2023, the trial court held a hearing on the motions. Defendant represented himself. Following argument by the parties, the court acknowledged the written sentencing order listed count I as dismissed. However, the court found that portion of the sentencing order was "clearly inconsistent" with defendant's plea of guilty at the plea proceedings and the language in the mittimus sentencing defendant on counts I and V. The court further stated, "Courts have held that when an oral pronouncement of the Court and the written order are in conflict, the oral pronouncement of the Court controls." The court dismissed defendant's section 2-1401 petition and issued an amended sentencing order, removing the language dismissing count I. Defendant appealed.

¶ 18    OSAD was appointed to represent defendant on appeal. In November 2023, OSAD filed a motion to withdraw as appellate counsel and attached a supporting memorandum of law, citing *People v. Kuehner*, 2015 IL 117695, 32 N.E.3d 655, and *People v. Meeks*, 2016 IL App (2d) 140509, 51 N.E.3d 1109. This court granted defendant leave to file a response on or before December 19, 2023. No response has been filed.

¶ 19                                II. ANALYSIS

¶ 20    OSAD seeks to withdraw as counsel on appeal, asserting this case presents no potentially meritorious issues for review. Specifically, OSAD contends (1) defendant's section 2-1401 petition was ripe for adjudication, (2) the petition is untimely, (3) the underlying judgment is not void, (4) any error by the trial court in not exercising its discretion to appoint counsel was harmless, and (5) the court retained jurisdiction to amend the sentencing order. We agree.

¶ 21    First, OSAD asserts defendant's section 2-1401 petition was ripe for adjudication. A section 2-1401 petition becomes "ripe for adjudication" after the opposing party has had 30

days to answer. (Internal quotation marks omitted.) *People v. Carter*, 2015 IL 117709, ¶ 16, 43 N.E.3d 972. Additionally, a petitioner must have notice and a reasonable opportunity to respond to any motion or responsive pleading filed by the State. *People v. Stoecker*, 2020 IL 124807, ¶ 20, 181 N.E.3d 201. Here, the trial court ruled on defendant's section 2-1401 petition in June 2023, more than a year after its filing date in May 2022. Defendant had notice of and reasonable opportunity to respond to the State's motion to dismiss, as he filed a response in March 2023. As such, we agree defendant's section 2-1401 petition was ripe for adjudication.

¶ 22 Second, OSAD contends defendant's petition is untimely. A section 2-1401 petition must be filed not later than two years after the entry of the judgment. 735 ILCS 5/2-1401(c) (West 2022); *People v. Caballero*, 179 Ill. 2d 205, 210-11, 688 N.E.2d 658, 660 (1997). The two-year limit is tolled for any time the petitioner is under legal disability or duress or the ground for relief is fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2022); *Caballero*, 179 Ill. 2d at 211. Here, defendant filed his section 2-1401 petition over three years after he was sentenced. Further, defendant makes no assertion he was under legal disability or duress or that the grounds for relief were fraudulently concealed. Thus, we agree defendant's petition is untimely.

¶ 23 Third, OSAD determined defendant cannot overcome the procedural bar of timeliness where the underlying judgment is not void. "[A] void judgment may be attacked at any time through a section 2-1401 petition." *People v. Rucker*, 2018 IL App (2d) 150855 ¶ 18, 127 N.E.3d 93; 735 ILCS 5/2-1401(f) (West 2022). A judgment is void under section 2-1401 of the Code if (1) the trial court entering the judgment lacked personal or subject matter jurisdiction or (2) it was based on a facially unconstitutional statute which is void *ab initio*. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 43 N.E.3d 984. Defendant does not allege the trial court

lacked personal or subject matter jurisdiction to enter the sentence on count I, nor does he present a facial challenge to the constitutionality of a statute. Accordingly, we agree no reasonable argument could be made that the underlying judgment is void.

¶ 24 Fourth, OSAD contends any error by the trial court in not exercising its discretion to appoint counsel was harmless. A petitioner seeking relief under section 2-1401 has no constitutional or statutory right to the assistance of counsel. *Stoecker*, 2020 IL 124807, ¶¶ 35-36. Rather, a trial court retains discretionary authority to appoint counsel in these proceedings. *Stoecker*, 2020 IL 124807, ¶ 36. Where a court erroneously believes it has no discretion in a matter, its refusal to exercise discretion can itself constitute an abuse of discretion. *People v. Chapman*, 194 Ill. 2d 186, 223, 743 N.E.2d 48, 71 (2000). However, the failure to exercise discretion does not warrant reversal unless the "error is of such magnitude that relief is warranted." *People v. Bernard*, 2021 IL App (2d) 181055, ¶ 25, 194 N.E.3d 507. Here, we agree with OSAD that any error arising from not appointing counsel was harmless. As noted above, even if counsel was appointed, no amendments could be made to the petition which would overcome the procedural bars of section 2-1401 of the Code.

¶ 25 Finally, OSAD determined the trial court retained jurisdiction to amend the written sentencing order. Illinois Supreme Court Rule 472(a)(4) (eff. May 7, 2019) authorizes a trial court, at any time after judgment and notice to the parties, to correct "[c]lerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." Here, the record is replete with references to defendant's guilty plea and sentencing on count I. The only instance where count I is referred to as dismissed is in the written sentencing order. This was plainly a clerical error. We agree with OSAD that the

trial court retained jurisdiction under Rule 472 to correct this clerical error by amending the sentencing order.

¶ 26                                    III. CONCLUSION

¶ 27            For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 28            Affirmed.