NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240840-U

NO. 4-24-0840

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|   Plaintiff-Appellee, | ) | Circuit Court of |
|   v. | ) | Livingston County |
| AIMEE J. KENNEDY, | ) | No. 23CF26 |
|   Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Harris and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1 *Held*: The appellate court affirmed, holding the trial court did not consider improper factors in sentencing defendant, defense counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023), and the court's sentence was not an abuse of discretion.

¶ 2 Defendant, Aimee J. Kennedy, pleaded guilty to aggravated driving under the influence (aggravated DUI) (625 ILCS 5/11-501(a)(2), (d)(2)(B) (West 2022)) and driving while her license was revoked (*id.* § 6-303(a)). The trial court sentenced her to six years' imprisonment and a $9,000 fine for aggravated DUI. On appeal, defendant contends (1) the court erred by considering improper factors in imposing the sentence, (2) her counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023), and (3) the court's sentence was excessive and an abuse of discretion. We affirm.

I. BACKGROUND

¶ 4        In February 2023, defendant was charged with two counts of aggravated DUI (625 ILCS 5/11-501(a)(1), (2), (d)(2)(B) (West 2022)) and one count of driving while her license was revoked (*id.* § 6-303(a)). As a condition of her release on bond, defendant was ordered to abstain from the use of alcohol and submit to alcohol use monitoring with an electronic device. In April 2023, a pretrial violation report was filed indicating defendant failed three alcohol monitoring tests. The trial court entered an order granting the State's petition to increase the bond. In May 2023, three additional pretrial violation reports were filed alleging defendant failed several alcohol monitoring tests in April and May 2023. The court increased the bond again in response to defendant's continued violations of the order prohibiting consumption of alcohol. Defendant was then held in custody.

¶ 5        In September 2023, defendant pleaded guilty to one count of aggravated DUI (625 ILCS 5/11-501(a)(2), (d)(2)(B) (West 2022)) and driving while her license was revoked (*id.* § 6-303(a)), based on a "tentative agreement" between the parties which was not recited on the record. The trial court informed defendant it was unaware of the plea negotiations or any potential agreement, and any agreement was subject to the court's approval. After the court admonished defendant on the sentencing ranges for the offenses and her rights, the State recited the factual basis for the offenses. The State asserted defendant was stopped for driving a vehicle with an expired registration sticker and the police officers observed defendant smelled of alcohol, her eyes were bloodshot, and her movements were "slow and deliberate." The State further asserted the police officers "asked her to take field sobriety tests which revealed her impairment, and she later submitted a breath sample which registered 0.211. Additionally, a check of her driving privileges found her to be revoked from a prior DUI." The court accepted defendant's guilty plea and set the

matter for sentencing.

¶ 6        After pleading guilty, defendant was released from custody pending sentencing on the conditions that she abstain from the consumption of alcohol and submit to monitoring for alcohol use. At a sentencing hearing in November 2023, the State informed the trial court the parties previously had an agreement on the sentence, but "subsequent events [had] caused us to revoke that offer." At the request of the parties, the court ordered a presentence investigation report (PSI) and reset the matter for sentencing.

¶ 7        In January 2024, the State filed a petition for sanctions alleging defendant violated her conditions of release by testing positive for alcohol on eight separate occasions in November and December 2023. The State also alleged defendant had failed to test for alcohol on 10 occasions in December 2023 and January 2024. Following a hearing on the petition, the trial court ordered defendant to serve 30 days in jail.

¶ 8        A sentencing hearing was held in March 2024. At the hearing, the trial court considered the PSI and the pretrial violation reports. Defendant submitted an alcohol and drug evaluation and a letter from her parents. Defendant testified she lost her job as a result of being incarcerated for these offenses and she planned to move to Kansas to be near her parents and her daughter. Defendant asserted she no longer had a vehicle. On cross-examination, defendant testified she had never sought treatment for alcohol abuse. According to the PSI, defendant stated she did not believe she needed treatment.

¶ 9        In its argument, the State recommended a sentence of six years' imprisonment. The State argued a term of imprisonment was necessary to protect the public given defendant's history and the circumstances of this offense. The State asserted, "[W]e've got dangerous driving, we've got a high blow, we've got two and a half times the legal limit, and we've got somebody who's

revoked, shouldn't be behind the wheel to begin with." The State contended defendant was not amenable to probation given her history and her repeated disregard of the pretrial release conditions.

¶ 10 Defendant argued her history and the circumstances of this offense supported a sentence of probation. According to defendant, her conduct did not cause or threaten serious physical harm to another. Defendant maintained probation with alcohol abuse treatment would be more appropriate than a term of imprisonment given all the circumstances. In allocution, defendant expressed her remorse, asserted she believed she needed treatment, and stated she wanted to "try to get [her] life back on track."

¶ 11 In imposing the sentence, the trial court stated it had considered the statutory factors in aggravation and mitigation, the seriousness and circumstances of the offenses, the PSI, defendant's rehabilitative potential, and the cost of incarceration. The court noted defendant did not seek treatment for her substance abuse issues and she had repeatedly failed to obey the court's order to abstain from the consumption of alcohol during the pendency of this case. The court asserted it had "never seen anyone do so poorly on pretrial release" and found probation would not be appropriate given defendant's poor communication with pretrial services and her repeated and consistent failures on pretrial release. The court concluded "there is absolutely no doubt in my mind that she would not succeed on probation." The court also agreed with the State that defendant's conduct threatened serious harm, stating it was "only through the grace of God that she did not get into an accident driving at .211 in the middle of the day." The court expressed concern defendant would reoffend given her history and the circumstances of this case. Thus, deterrence was "the strongest factor in this case." Based on all the circumstances, the court sentenced defendant to a prison term of six years and imposed a $9,000 fine for the aggravated

DUI conviction, with sentencing credit for time served of $4,980. The court further explained:

> "And the reason I'm doing that, if the public would really start paying attention, that's going to amount to a year and a half. A six-year sentence at 50% good time is three years, [the Department of Corrections] gives out good-conduct credit for another whole year for I don't know what, so the 50% good-conduct credit, plus the one-year credit that they hand out to get their numbers down, I guess, and then she has about six months in, so, that is a year and a half in the Department of Corrections on a six-year sentence."

¶ 12 Defendant filed an amended motion to reconsider her sentence. In her motion, defendant argued (1) the trial court failed to consider all factors in mitigation, (2) probation was the preferred sentence in these circumstances, (3) the sentence was an abuse of discretion, (4) the court improperly considered how much time she would actually serve, and (5) the sentence and fine were excessive. Defendant's counsel filed a certificate in compliance with Rule 604(d). The court denied defendant's motion following a hearing, asserting the sentence was within the applicable statutory range and the court considered all factors in mitigation when sentencing defendant.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 On appeal, defendant contends (1) the trial court erred by considering improper factors in imposing the sentence, (2) her counsel failed to strictly comply with Rule 604(d), and (3) the court's sentence was excessive and an abuse of discretion. We address defendant's arguments in turn.

¶ 16 A. Improper Sentencing Factors

¶ 17                                      1. *Threat of Harm*

¶ 18          Defendant contends the trial court improperly considered the threat of harm based on her conduct of being "behind the wheel intoxicated." According to defendant, the threat of harm is inherent in the offense of driving while intoxicated and it may not be used as a basis for imposing a harsher sentence. Defendant acknowledges this specific claim was not preserved for review because her trial counsel failed to object or include it in her motion to reconsider her sentence, but she maintains it is reviewable as ineffective assistance of counsel because her trial counsel failed to properly preserve the issue.

¶ 19          The State argues the trial court properly considered defendant's severe intoxication and the other circumstances of this case because those factors established an increased threat of harm. According to the State, although the offense of aggravated DUI is inherently dangerous, the court may still take into account the severity of the threat of harm under the specific facts of the case.

¶ 20          Claims of ineffective assistance of counsel are reviewed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Henderson*, 2013 IL 114040, ¶ 11. To establish a claim of ineffective assistance of counsel, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Patrenko*, 237 Ill. 2d 490, 496 (2010). A defendant must satisfy both prongs of the *Strickland* test to maintain a claim of ineffective assistance of counsel. *Henderson*, 2013 IL 114040, ¶ 11.

¶ 21          We find defendant's sentencing argument is unpersuasive and counsel did not provide deficient performance by failing to raise it in the trial court. In sentencing a defendant, a trial court may not consider a fact inherent in the offense as an aggravating factor. *People v.*

*Dowding*, 388 Ill. App. 3d 936, 942-43 (2009). However, the court may consider the degree and gravity of the defendant's conduct. *People v. Salvidar*, 113 Ill. 2d 256, 271-72 (1986). The court may also consider "the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant." *Id*. A defendant's sentence must be "varied in accordance with the particular circumstances of the criminal offense committed." *Id*. at 269. "There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22. The defendant bears the burden of affirmatively establishing the sentence was based on improper considerations. *Dowding*, 388 Ill. App. 3d at 943.

¶ 22        Here, the trial court referred to defendant's degree of intoxication and the circumstances of this case in stating her conduct threatened serious harm. The court asserted it was "only through the grace of God that she did not get into an accident driving at .211 in the middle of the day." The PSI also referred to the police report, which stated defendant "drift[ed] back and forth across the yellow line" before being stopped. The court was permitted to consider the serious threat of harm to the general public given the specific facts of this case. See *People v. Jeffers*, 2022 IL App (2d) 210236, ¶ 27; *People v. Turner*, 2018 IL App (1st) 170204, ¶ 89 (holding the trial court properly considered the threat of harm to potential victims in sentencing the defendant for aggravated DUI causing death and injury).

¶ 23        The trial court's sentence was properly based, in part, on the degree and gravity of the threat of harm posed by defendant's conduct given the specific circumstances of this case. Defendant's ineffective-assistance-of-counsel claim fails because her counsel did not provide deficient performance by declining to raise this meritless sentencing argument in the motion to

reconsider the sentence.

¶ 24                              2. *Comments on Sentencing Credit*

¶ 25        Defendant also claims the trial court erred by relying on its own opinion about sentencing policy when it considered the amount of time defendant would actually serve after receiving sentencing credit. Defendant maintains the court improperly commented on the wisdom of sentencing legislation by questioning how and why sentencing credit was applied.

¶ 26        The State agrees with defendant this claim was preserved for review because it was included in her motion to reconsider the sentence. However, the State argues the trial court properly considered the effect of sentencing credit given it's finding a term of imprisonment was necessary to deter others from this criminal conduct and to protect the public.

¶ 27        This court's decision in *People v. Nussbaum*, 251 Ill. App. 3d 779, 783-84 (1993), is instructive on this issue. There, the trial court determined the State's recommended eight-year sentence would result in the defendant's release in approximately three and a half to four years after applying good-conduct credit, an "education discount if you take any courses," and potential early release due to "overcrowding." *Id*. Given the effect of the potential sentencing credits, the court imposed a 10-year sentence. The court found the State's recommended eight-year sentence would be insufficient to protect the public. *Id*.

¶ 28        On appeal, the defendant argued the trial court improperly considered "anecdotal information" and its own experience in imposing the sentence. *Id*. This court held "[a] trial court may properly consider the effect of good-behavior credit when imposing sentence." *Id*. Further, a sentencing court may consider the " 'realities of the sentencing law in fashioning a sentence' " and " 'may properly determine the minimum amount of actual incarceration which is appropriate in light of the seriousness of the offense and the history and character of the defendant.' " *Id*. at 784

(quoting *People v. Torgeson*, 132 Ill. App. 3d 384, 389 (1985)). In *Nussbaum*, the trial court's comments about sentencing credit fell squarely within its discretion to consider "the realities of the sentencing law." *Id*. at 785.

¶ 29 Similarly, in this case, the trial court found a six-year sentence was necessary to protect the public and to deter others after considering the effect of sentencing credit and time served. As in *Nussbaum*, the court's comments fell within its wide discretion to consider the realities of the sentencing law. The court took sentencing credit into account in imposing what it considered an appropriate sentence to further the goals of deterrence and protection of the public. We conclude the court did not rely on improper factors in sentencing defendant.

¶ 30 B. Compliance With Rule 604(d)

¶ 31 Next, defendant argues her trial counsel's failure to allege the trial court improperly considered the threat of harm as an aggravating factor resulted in a violation of Rule 604(d). Defendant acknowledges counsel's certificate facially complied with Rule 604(d), but she contends the certificate is rebutted because counsel did not include her argument on improper "double enhancement" in the motion to reconsider her sentence. Defendant maintains counsel's failure to include this claim violates the Rule 604(d) requirement to make "any amendments to the motion necessary for adequate presentation of any defects in [the] proceedings."

¶ 32 The State counters defendant's sentencing claim lacks merit and her counsel was not required to include it in her motion to comply with the requirements of Rule 604(d). According to the State, the record in this case does not rebut counsel's Rule 604(d) certificate of compliance.

¶ 33 Rule 604(d) provides, in relevant part, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the
> attorney has consulted with the defendant either by phone, mail, electronic means

or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023).

¶ 34    Defense counsel is required to strictly comply with Rule 604(d). *People v. Brown*, 2023 IL App (4th) 220573, ¶ 30. Even when defense counsel has filed a facially valid Rule 604(d) certificate, this court may review the record to determine whether counsel actually fulfilled the obligations outlined in the rule. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. Defense counsel's compliance with Rule 604(d) is subject to *de novo* review. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 30.

¶ 35    In this case, defendant agrees counsel filed a facially valid Rule 604(d) certificate. In his certificate, counsel attested he "made any amendments to the motion necessary for the adequate presentation of any defects in [the] proceedings." As explained above, defendant's claim of improper "double enhancement" is meritless. Rule 604(d) does not require counsel to include claims lacking a legal or factual basis in a postplea motion. See *Curtis*, 2021 IL App (4th) 190658, ¶¶ 37-41 (stating a facially compliant Rule 604(d) certificate was not rebutted by the record where the defendant argued counsel failed to include a claim in the postplea motion which was factually and legally unsupported).

¶ 36    The trial court's consideration of the threat of harm from defendant's conduct when imposing the sentence was not a "defect in [the] proceedings." See Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023). Counsel's omission of this claim from the amended motion does not rebut counsel's

facially compliant Rule 604(d) certificate, which asserted counsel made any amendments "necessary for the adequate presentation of any defects in [the] proceedings." *Id*. Because the record does not rebut counsel's Rule 604(d) certificate, we conclude counsel strictly complied with the rule.

¶ 37                                    C. Excessive Sentence

¶ 38        Finally, defendant claims the trial court abused its discretion by sentencing her to six years' imprisonment and a $9,000 fine for her offense of aggravated DUI. Defendant notes she was eligible for probation and the statutory sentencing range was three to seven years' imprisonment for this Class 2 felony offense. See 625 ILCS 5/11-501(a)(2), (d)(2)(B); 730 ILCS 5/5-4.5-35 (West 2022). Defendant argues the court should have imposed a term of probation with alcohol abuse treatment and monitoring as conditions. Defendant contends her six-year sentence and her $9,000 fine were excessive given the circumstances of this case, including her lack of any prior felony convictions and her inability to pay the fine due to unemployment.

¶ 39        In response, the State argues the trial court's sentence was not an abuse of discretion. The State contends the sentence was appropriate given the serious threat of harm from defendant's conduct, her poor performance on pretrial release, and her consistent failure to accept responsibility for her conduct.

¶ 40        The Illinois Constitution provides "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "The trial court's sentence must be based upon the particular circumstances of the case, including (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for punishment and deterrence." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 102.

¶ 41 A trial court's sentencing decision is afforded great deference because the court is generally in a better position to weigh sentencing factors, including "the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Stacy*, 193 Ill. 2d 203, 209 (2000). "Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." *Id*. A trial court's sentence may be disturbed on review only if the court abused its discretion. *Id*. at 209-10. A "sentence within statutory limits will be deemed excessive and the result of an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Id*. at 210. An abuse of discretion occurs when the court's decision is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 26.

¶ 42 Although defendant argues the trial court should have imposed a sentence of probation with the conditions of alcohol abuse treatment and monitoring, the record supports the court's determination defendant would not have been successful on probation. Defendant consistently defied the court's pretrial order to abstain from consuming alcohol. The court specifically stated it had "never seen anyone do so poorly on pretrial release" and asserted "there is absolutely no doubt in my mind that she would not succeed on probation." The court did not abuse its discretion in determining defendant was not amenable to probation given her poor communication with pretrial services and consistent failures on pretrial release.

¶ 43 The trial court also did not err by considering the seriousness of the offense in imposing the sentence. Indeed, this court has consistently held the most important sentencing factor is the seriousness of the offense. See *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 38.

The record shows defendant was "drifting back and forth across the yellow line" before being stopped. Her blood alcohol concentration was 0.211, she failed field sobriety tests, and the police officers observed significant indications of intoxication. The record supports the court's findings on the gravity and seriousness of the offense. Additionally, the court expressed concern defendant would reoffend given her recent criminal history, continued consumption of alcohol, and failure to seek treatment. The PSI indicated defendant stated she did not need treatment. The court concluded a prison sentence was necessary to protect the public and to deter others from this behavior.

¶ 44 We further note the $9,000 fine imposed by the trial court was significantly reduced by the $4,980 sentencing credit defendant received for time served. Contrary to defendant's argument, the PSI indicates she was "employable and if given time has the ability to pay any financial obligations assessed in this case including fines, costs and fees."

¶ 45 In sum, under the abuse of discretion standard, the trial court's sentence is not subject to reversal simply because this court may have weighed the sentencing factors differently. See *Stacy*, 193 Ill. 2d at 209. The sentence may be disturbed if it is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *Etherton*, 2017 IL App (5th) 140427, ¶ 26. We conclude the court's sentence is not an abuse of discretion.

¶ 46 III. CONCLUSION

¶ 47 For the reasons stated, we affirm the trial court's judgment.

¶ 48 Affirmed.